FILED by **FS** D.C.

Jun 16, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**22-10011-CR-MOORE/SNOW**

CASE NO. _____

16 U.S.C. § 3372(d)
16 U.S.C. § 3373(d)(3)(A)(i)
18 U.S.C. § 2

UNITED STATES OF AMERICA

v.

ELITE SKY INTERNATIONAL, INC.,

          Defendant.

_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

1.     **ELITE SKY INTERNATIONAL, INC. (ELITE)** was a Florida corporation located at 1100 Overseas Highway, Marathon, Florida 33050, which was engaged in the wholesale export of live Spiny Lobster (*panulirus argus*) and various species of shark fins to markets in China.

2.     The Lacey Act made it unlawful for any person to make or submit any false record, account, or label for, or any false identification of any fish, wildlife, or plant, which has been, or is intended to be, exported, transported, sold, or purchased or transported in interstate or foreign commerce. 16 U.S.C. § 3372(d)(1), (2).

3.     The Lacey Act defines "fish or wildlife" to mean "any wild animal, whether alive

or dead, including without limitation any wild mammal, bird, reptile, amphibian, fish, mollusk, crustacean, arthropod, coelenterate, or other invertebrate, whether or not bred, hatched, or born in captivity, and includes any part, product, egg, or offspring thereof." 16 U.S.C. § 3371(a).

4. Seafood products intended to be exported to China by **ELITE** were packaged and transported from its location in Marathon to Miami International Airport or to Fort Lauderdale International Airport where the shipments would be loaded aboard aircraft as air freight for transport to China. **ELITE** utilized the services of customs brokers to effectuate the shipments, including the preparation of all necessary airway bills, labels, invoices, and documents to accompany the shipments.

5. **ELITE** held Wholesale Saltwater Products licenses from the State of Florida allowing it to purchase and sell domestically caught Spiny Lobster, subject to the laws and regulations related thereto. During the open season for Florida Spiny Lobster, **ELITE** purchased significant amounts of Spiny Lobster domestically, and exported that product to China.

6. At various times, beginning at least as early as November 2018 and continuing through October 2019, **ELITE** was unable to satisfy customer demand in China for domestically harvested Spiny Lobster. To deal with the shortfall, **ELITE** purchased foreign-origin Spiny Lobster from Nicaragua and Belize. When shipped from Florida to China, the foreign-origin Spiny Lobster airway bills of lading and records required for export were prepared to state "Live Florida Spiny Lobsters, Product of U.S.A." The shipments were then exported and sold to customers in China. **ELITE** was aware that the shipments of Spiny Lobster from its facility in Marathon in fact contained substantial amounts of co-mingled foreign-origin Spiny Lobster, although all the accompanying documentation, declarations, and invoices represented the

shipments to contain solely the domestic product of the United States.

7. **ELITE** acquired inventory of various species of shark fins from a licensed commercial fisherman in Florida. However, exports of the shark fins were never identified or declared in the accompanying airway bills, invoices, or declarations as shark fins, but rather were falsely labeled as Spiny Lobster, or on some occasions as "Frozen Fish."

## COUNT 1
### False Labeling
### (16 U.S.C. §§ 3372(d), 3373(d)(3)(A)(i))

1. Paragraphs 1 through 6 of the General Allegations section of this Information are incorporated by reference herein, as if set forth in their entirety.

2. Beginning in or around November 2018, and continuing through in or around October 2019, in Monroe County, in the Southern District of Florida, and elsewhere, the defendant,

**ELITE SKY INTERNATIONAL, INC.,**

did knowingly make and submit, and cause to be made and submitted, a false record, account, label for, and false identification, of fish and wildlife, namely, Spiny Lobster (*Panulirus argus*), that had been and were intended to be imported, exported and transported in foreign commerce, in that **ELITE** falsely labeled approximately 63,095 pounds of foreign origin Spiny Lobster as "Live Florida Spiny Lobsters, Product of U.S.A," in violation of Title 16, United States Code, Sections 3372(d) and 3373(d)(3)(A)(i), and Title 18, United States Code, Section 2.

## COUNT 2
### False Labeling
### (16 U.S.C. §§ 3372(d), 3373(d)(3)(A)(i))

1. Paragraphs 2, 3, 4, and 7 of the General Allegations section of this Information are incorporated by reference herein, as if set forth in their entirety.

2. Beginning in or around November 2018, and continuing through in or around October 2019, in Monroe County, in the Southern District of Florida, and elsewhere, the defendant,

**ELITE SKY INTERNATIONAL, INC.,**

did knowingly make and submit, and cause to be made and submitted, a false record, account, label for, and false identification of fish and the parts thereof, namely, various species of shark fins, that were intended to be exported and transported in foreign commerce, in that **ELITE** falsely labeled approximately 5,666 pounds of shark fins as "Live Florida Spiny Lobsters, Product of U.S.A" or "Frozen Fish" in violation of Title 16, United States Code, Sections 3372(d) and 3373(d)(3)(A)(i), and Title 18, United States Code, Section 2.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Thomas A. Watts-FitzGerald
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: ELITE SKY INTERNATIONAL, INC

**Case No**: _____

Counts #: 1 and 2

False Labeling

Title 16, United States Code, Section 3372(d), 3373(d)(3)(A)(i)

* **Max. Penalty**: Greater of $500,000, or twice the pecuniary gain/loss and 5 years' probation

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ELITE SKY INTERNATIONAL, INC.,
_____/
                Defendant.

CASE NO.: 22-10011-CR-MOORE/SNOW

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

**Court Division** (select one)
- ☐ Miami
- ☑ Key West
- ☐ FTP
- ☐ FTL
- ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect:

4. This case will take   0   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☑ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge                    Case No.
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No.
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge                    Case No.
9. Defendant(s) in federal custody as of
10. Defendant(s) in state custody as of
11. Rule 20 from the                District of
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
THOMAS WATTS-FITZGERALD
Assistant United States Attorney
FLA Bar No.   0273538

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 22-10011-CR-MOORE/SNOW |
| ELITE SKY INTERNATIONAL, INC., | ) | |
| | ) | |
| _Defendant_ | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Michael B. Nadler, Esq.
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*